IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONNIE LAWSON, : Civil No. 3:16-cv-1489
:
    Plaintiff : (Judge Mariani)
:
v. :
:
DIRECTOR J. NORWOOD, *et al.*, :
:
    Defendants :

## MEMORANDUM

Plaintiff, Ronnie Lawson, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this *Bivens*[1], 28 U.S.C. § 1331, action on July 19, 2016. (Doc. 1). Named as Defendants are J. Norwood, Director at the Northeast Regional Office, and J. Ebbert, Warden at USP-Lewisburg. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Plaintiff will be directed to file a properly supported amended complaint.

### I.    Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2),[2] 28 U.S.C. § 1915A.[3] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

## II. Discussion

Plaintiff's claims are filed pursuant to 28 U.S.C. § 1331, in accordance with *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A

---

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

*Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F. Supp. 1185, 1200 n.16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young*, 809 F. Supp. at 1199. Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Plaintiff's entire statement of claim is as follows: "Eighth Amendment Complaint: inhumane & dangerously unfit institution, intentionally being targeted to fail & suffer by a unanimously staff of non-Negro employed officials" [sic]. (Doc. 1 at 2). Plaintiff states that he is "holding each defendant responsible for their Executive authority. And knowledge of the conditions of this prison and the obsessive abuse by staff officers." (*Id.* at 2-3).

Plaintiff fails to set forth any facts in support of his claim, and fails to set forth any

dates as to when the alleged constitution violations occurred. Plaintiff's general allegations are insufficient to state a claim for relief. See *Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992) (holding that "[p]leading conclusory allegations that, for example, the defendants acted willfully, intentionally and deliberately or with reckless disregard of plaintiff's rights does not suffice" to avoid dismissal for failure to state a claim), *affirmed* 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993). Plaintiff's allegations must be supported by facts and must indicate the role the named Defendant allegedly played in the constitutional violations. See *Flanagan*, 783 F. Supp. at 928-29; *Cross v. Losinger*, 2007 WL 954313, *1 (M.D. Pa. 2007) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.").

Plaintiff's allegations against Defendants are based solely upon their supervisory roles, and the complaint fails to set forth any allegations of personal involvement against Defendants. Supervisors typically are not liable under Section 1983 solely on a theory of *respondeat superior*. As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (citations omitted). The

4

claims asserted against Defendants are premised upon their supervisory positions at the Northeast Regional Office and as Warden at USP-Lewisburg. Based upon an application of the above standard, such allegations are insufficient to satisfy the personal involvement requirement standard of *Rode*.

Where a prisoner attempts to place responsibility on supervisory personnel, as Plaintiff does here, he must rely on more than the theory of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362 (1976). In order to hold officials liable for failure to supervise or train subordinates properly, the plaintiff must allege facts which demonstrate more than the mere occurrence of an isolated incident in which an individual was deprived of constitutional rights. *Oklahoma City v. Tuttle*, 471 U.S. 808, 820-21 (1985); *Brown v. City of Pittsburgh*, 586 F.3d 263, 292-93 (3d Cir. 2009). In such a situation, a plaintiff "must show either that (1) the supervisor directly participated in violating a plaintiff's constitutional rights, (2) that he directed others to do so, or (3) as the officer in charge, the supervisor had knowledge of and acquiesced in constitutional violations committed by subordinates." *Zimmerman v. Schaeffer*, 654 F. Supp. 2d 226, 253 (M.D. Pa. 2009) (Rambo, J.) (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001)). Plaintiff fails to allege any direct participation by Defendants.

Although it is questionable whether an amendment in this case will be futile, *see Fattah v. Sabol*, 2012 WL 1005070, *7 (M.D. Pa. 2012) (Caputo, J.) (concluding that

because the Secretary of the Department of Corrections was impermissibly named as a party based only on *respondeat superior*, any amendment would be futile), Plaintiff will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief against a proper defendant. While Plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing *Iqbal*, 556 U.S. at 676). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young*, 809 F. Supp. at 1198.

### III. Conclusion

Given Plaintiff's *pro se* status, he will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of court. An appropriate Order shall issue.

Dated: August 8, 2016

Robert D. Mariani
United States District Judge