IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNIE LAWSON, | : | Civil No. 3:16-cv-1489 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DEPARTMENT OF JUSTICE, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Ronnie Lawson, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this *Bivens*[1], 28 U.S.C. § 1331, action on July 19, 2016. (Doc. 1). The matter is proceeding *via* an amended complaint, wherein Plaintiff names as Defendants the Department of Justice, the Federal Bureau of Prisons Northeast Regional Office, and the United States Penitentiary at Lewisburg. (Doc. 10). Presently pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). (Doc. 18). For the following reasons, the motion to dismiss will be granted.

I. **Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement for relief.

Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

Id.

## II. <u>Allegations of the Amended Complaint</u>

Plaintiff alleges that his Eighth Amendment rights were violated when he was subjected to inhumane conditions of confinement, denial of medical treatment, deliberate indifference, "adulteration", and cruel and unusual punishment. (Doc. 10). Specifically, Plaintiff complains that the cells in the Special Management Unit at USP-Lewisburg have poor air circulation and no air conditioning. (Id. at p. 2). He alleges that he submitted sick

call requests for medical treatment that were purportedly unanswered. (*Id.*). Next, Plaintiff asserts that his legal documents were confiscated and/or missing after he was transferred to a new cell, and that he was served food that was contaminated with blood. (*Id.* at pp. 2-3). Lastly, Plaintiff alleges that he was assaulted by officers and sprayed with chemicals for allegedly fighting with his cellmate. (*Id.* at pp. 3-4).

## III. Discussion

Defendants argue that the amended complaint must be dismissed because they are not properly named Defendants, and they are entitled to sovereign immunity as agencies of the United States. (Doc. 14, pp. 4-5).

It is well-settled that governmental entities are not "persons" and therefore not proper defendants in a federal civil rights action. *Hindes v. F.D.I.C.*, 137 F.3d 148, 159 (3d Cir. 1998) (a federal agency is not a "person" subject to § 1983 liability, whether or not it is in an alleged conspiracy with state actors); *see also Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970). Thus, *Bivens* claims may not be maintained against federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994); *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979) ("Because [plaintiff] has sued the Government itself, *Bivens* ... do[es] not afford him a traversable bridge across the moat of sovereign immunity."). Accordingly, the United States Department of Justice, the Bureau of Prisons Northeast Regional Office, and USP-Lewisburg are not "persons" and therefore not proper Defendants in this federal civil rights

4

action.

Additionally, sovereign immunity constitutes a jurisdictional bar to claims against the United States and its agencies, unless Congress has specifically waived such immunity. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Meyer*, 510 U.S. at 475; *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) ("An action against government officials in their official capacities constitutes an action against the United States [and is] barred by sovereign immunity, absent an explicit waiver."); *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007). Plaintiff asserts no such waiver of sovereign immunity, and the United States and its agencies have not waived their immunity from suit.

Based on an application of the above standards, Plaintiff's amended complaint will be dismissed as the United States Department of Justice, the Bureau of Prisons Northeast Regional Office, and USP-Lewisburg are not properly named defendants, and any claims against the United States and its agencies are plainly barred by the doctrine of sovereign immunity.

### IV. <u>Leave to Amend</u>

When a complaint fails to present a *prima facie* case of liability, courts should

generally grant leave to amend before dismissing a complaint. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). In the matter *sub judice*, the Court has previously granted Plaintiff the opportunity to amend his complaint. Because Plaintiff's present claims are barred by sovereign immunity, his amended complaint will be dismissed with prejudice, as additional amendment of his claim would be futile.

## V. Conclusion

Based on the foregoing, Defendants' motion to dismiss will be granted. An appropriate Order shall issue.

Dated: December 20, 2016

Robert D. Mariani
United States District Judge